THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SHAYNE E. TODD,<br><br>                               Plaintiff,<br><br>v.<br><br>SPENCER COX et al.,<br><br>                              Defendants. | **MEMORANDUM DECISION<br>& ORDER TO SHOW CAUSE**<br><br>Case No. 2:23-cv-00112-JNP<br><br>District Judge Jill N. Parrish |

      Plaintiff, inmate Shayne E. Todd, submitted this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2024).[1] Having now screened Plaintiff's Complaint, (ECF No. 13), under its statutory review function,[2] the Court proposes dismissal of this case for failure to state a claim upon which relief may be granted. 28 U.S.C.S. § 1915A(b)(1) (2024).

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2024).

[2] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 *id*. § 1915A.

"Plaintiff Todd is presently in the custody of the Utah Department of Corrections." (ECF No. 13, at 4.) He names as defendants Utah Governor Spencer Cox; Utah Board of Pardons and Parole chairperson Carrie Cochran; Utah Department of Corrections Executive Director Brian Nelson; and "all hearing officers and board members." (*Id.* at 1-2.) Though the Complaint asserts Defendants have breached a variety of constitutional amendments, these assertions are under the umbrella of his only real claim that Utah's "sentencing scheme is unconstitutional." (*Id.* at 3-6.)

## ANALYSIS

### 1. Failure-to-State-a-Claim Standard

When deciding if a complaint states a claim upon which relief may be granted, the Court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is fitting when, viewing those facts as true, the Court sees that the plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). Plaintiff has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil-rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original). Dismissing the complaint

"without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

The Court construes *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). The Tenth Circuit holds that, if pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998).

### 2. Constitutionality of Utah's Indeterminate Sentencing Scheme

The Court now addresses Plaintiff's claim that he is entitled to damages because Utah's sentencing scheme is unconstitutional. The Tenth Circuit recently stated, "We have upheld Utah's sentencing scheme as constitutional, so we need not revisit the issue here." *Romero v. Nelson*, 807 F. App'x 766, 769 (10th Cir. 2020) (unpublished). To support this statement, the Tenth Circuit cited to *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009), which declared, "[W]e can dispose of [petitioner]'s contention that Utah's 'indeterminate' sentencing scheme is unconstitutional. It is not." In two past cases, Plaintiff has already been notified by this Court of *Straley*'s definitive

statement. *See Todd v. Nielson*, No. 2:19-CV-700-DBB, ECF No. 40, at 11-12 (D. Utah Sept. 13, 2022) (noting also that "Supreme Court has specified that indeterminate sentencing schemes are constitutional" (citing *Blakely v. Washington*, 542 U.S. 296, 296, 308 (2004)); *Todd v. Herbert*, No. 2:12-CV-483-TS, ECF No. 23, at 7 (D. Utah Oct. 29, 2012).

The Court thus concludes that Plaintiff fails to state a claim upon which relief may be granted and proposes dismissal of this action.

## MOTION TO APPOINT COUNSEL

The Court now addresses Plaintiff's motion for the Court to ask volunteer counsel to represent Plaintiff free of charge. Plaintiff has no constitutional right to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). However, the Court may in its discretion appoint counsel for indigent plaintiffs. *See* 28 U.S.C.S. § 1915(e)(1) (2024); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Plaintiff bears the burden of convincing the Court that Plaintiff's claim has enough merit to warrant appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

In deciding whether to ask volunteer counsel to represent Plaintiff free of charge, this Court considers a variety of factors, like "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39. Considering the above factors, the Court concludes that Plaintiff's claim is not colorable, the issues in this case are not complex, and Plaintiff is not too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies Plaintiff's motion for appointed counsel.

## ORDER

**IT IS HEREBY ORDERED** as follows:

**(1)** Plaintiff has thirty days in which to **SHOW CAUSE** why his Complaint should not be dismissed because it fails to state a claim upon which relief may be granted. (ECF No. 13.)

**(2)** Plaintiff's motion for appointed counsel is **DENIED**. (ECF No. 14.)

DATED May 1, 2024.

BY THE COURT:

_____
JILL N. PARRISH
United States District Judge