THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SHAYNE E. TODD,<br><br>  Plaintiff,<br><br>v.<br><br>SPENCER COX et al.,<br><br>  Defendants. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 2:23-cv-00112-JNP<br><br>District Judge Jill N. Parrish |

On May 1, 2024, the Court ordered Plaintiff to within thirty days show cause why this prisoner civil-rights complaint, 42 U.S.C.S. § 1983 (2024), should not be dismissed for failure to state a claim upon which relief may be granted. (ECF Nos. 13, 15.) Specifically, the Court set forth an analysis explaining the invalidity of Plaintiff's single claim that Utah's indeterminate sentencing scheme is unconstitutional. (ECF No. 15.)

Plaintiff responds with (a) chronology and details of his criminal act and case; (b) arguments that his criminal conviction and sentencing were unsound; (c) assertions that his expected time to be served is incorrect under Utah statute; and (d) a request for release. (ECF No. 18.) These arguments are to no avail.

First, Plaintiff's responsive arguments are new to the case and not contained in the Complaint, the four corners of which is the only document from which the Court is making a determination on failure to state a claim upon which relief may be granted. Alternative grounds to reject each of Plaintiff's responsive arguments follow.

As to responsive argument (b)--the validity of Plaintiff's conviction and sentencing--the Supreme Court said in *Heck* "that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, 315 F. App'x 738, 739 (10th Cir. 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* keeps litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that Defendants violated his constitutional rights during state criminal trial proceedings. These arguments attack Plaintiff's underlying conviction and sentence. *Heck* requires that, when a plaintiff requests damages in a § 1983 suit, this Court must decide whether judgment in the plaintiff's favor would unavoidably imply that the conviction or sentence is invalid. *Id.* at 487. Here, it would. If this Court were to conclude that Plaintiff's constitutional rights were violated in the prejudicial ways alleged by Plaintiff, it would be stating that Plaintiff's conviction and sentence were not valid.

Thus, this complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Instead, the opposite has happened; the conviction has been upheld at every turn. *See, e.g., Todd v. Bigelow*, No. 2:12-CV-282-CW (D. Utah Mar. 25, 2013) (denying federal habeas relief regarding Plaintiff's conviction), *certificate of appealability denied*, No. 13-4056 (10th Cir. Aug. 16, 2013), *cert. denied*, No. 13-7122 (Jan. 13,

2

2014); *Todd v. Nielson*, No. 2:19-CV-700-DBB (D. Utah Sept. 13, 2022) (rejecting many of same arguments Plaintiff raises in current action in dismissing federal habeas petition), *certificate of appealability denied*, No. 22-4099 (Aug. 3, 2023). The Court must thus dismiss Plaintiff's claims for money damages.

As to responsive argument (c), in past orders in one of Plaintiff's past cases, the contention based on the Utah statute allegedly limiting Plaintiff's sentence to thirty years was considered at length and rejected. The Court quotes the Tenth Circuit's analysis and conclusion:

> Mr. Todd asserts that because he was sentenced to consecutive terms of one to fifteen years and five years to life, Utah Code Ann. § 76-3-401(6) limits his maximum sentence to 30 years. Therefore, he asserts, his sentence should have ended in July 2019. Section 76-3-401(6) provides that "[i]f a court imposes consecutive sentences, the aggregate maximum of all sentences imposed may not exceed 30 years imprisonment, except . . . if . . . an offense for which the defendant is sentenced authorizes . . . a maximum sentence of life imprisonment." (emphasis added). The Utah Court of Appeals rejected this claim, reasoning that the murder offense for which Mr. Todd was sentenced authorized life imprisonment and the 30-year limitation therefore did not apply. The district court rejected his corresponding habeas claim, reasoning that even if the Utah courts had erred concerning the statute's application, federal habeas corpus relief would not lie for an error of state law.
>
> Mr. Todd argues, however, that federal habeas relief should lie for this alleged error, because it has resulted in his being incarcerated for longer than the statutorily authorized maximum sentence, thus violating his federal constitutional right to due process. *See, e.g., United States v. Shipp*, 589 F.3d 1084, 1088 (10th Cir. 2009) ("[D]ue process requires that the sentence for the crime of conviction not exceed the statutory maximum." (brackets and internal quotation marks omitted)). Assuming Mr. Todd's claim can be cast in due process terms, he fails to show the district court debatably erred by deferring to the state court's resolution of this claim.
>
> Mr. Todd asserts he was convicted of a "first degree felony, second degree murder," not "first-degree murder."3 COA Appl. (10/26/22) at 12; COA Appl. (01/24/23) at 3. But even assuming

> he was convicted of second-degree murder, Mr. Todd fails to show that it is debatable whether the Utah courts violated his right to due process by applying the exclusion in § 76-3-401(6), given the fact that his "murder" conviction, however described, carried a maximum sentence of life imprisonment as a first-degree felony, *see id.* § 76-3-203.
> 
> Mr. Todd also argues that the application of § 76-3-401(6) to him, along with the denial of parole "based upon a harsher eligibility guideline[] established in 1989," COA Appl. (10/26/22) at 22, violated the Ex Post Facto Clause. He fails to cogently describe any basis for finding such a violation. Among other things, § 76-3-401(6) contained the same exclusionary language when he committed his crime, when he was found guilty, and when he was sentenced. He has not raised a debatable issue concerning this claim.

*Todd v. Haddon*, No. 22-4099, slip op. (10th Cir. Aug. 3, 2023).

Finally, as to responsive argument (d), Plaintiff's requests to have his conviction invalidated, and for release from imprisonment, may be properly raised only in a habeas-corpus petition in a different case. *See Heck*, 512 U.S. at 481 ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."); *see also Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding habeas corpus is sole federal remedy when state prisoner seeks any relief that "would necessarily demonstrate the invalidity of confinement or its duration"); *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*." (emphasis added)). These requests for injunctive relief are thus denied here, with the reminder to Plaintiff that he has already been notified of the application of second-or-successive-petition rules to any further federal habeas petitions he could bring under § 2254. *See Todd*, No. 2:19-CV-700-DBB, ECF No. 40, at 10-14 (Sept. 13, 2022) (denying habeas relief).

The analysis in the Order to Show Cause stands. (ECF No. 15.) Based on that analysis, IT IS ORDERED that this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C.S. § 1915(e)(2)(B)(ii) (2024). Any alternative dismissal on the basis of *Heck* is without prejudice.

DATED June 13, 2024.

BY THE COURT:

JILL N. PARRISH
United States District Judge